## PAULIN MARTIN, Syndic, v. ABRAHAM DRUMM.

In cases where a sale or transfer of property is attacked, upon the grounds of alleged fraud and simulation, the defendant is not bound to produce proof of his good faith and the reality of the sale, when the property did not remain in the possession of his vendor. The *onus* of proving it is on the part of plaintiff, who alleges the fraud.

The presumption established by the Act of 1817, reënacted in 1855, (Revised Statutes, p. 257, § 28,) applies to cases alone in which proceedings are instituted against the insolvent to deprive him of the benefit of the insolvent laws, on the ground of his having given an unjust preference to one or more of his creditors over others.

APPEAL from the District Court of St. Tammany, *Merrick*, J.

*J. L. Tissot*, for plaintiff and appellant.

VOORHIES, J. This is an action instituted by the syndic of the creditors of *Theobald Koenig* to avoid and set aside a sale of certain lots and improvements in the town of Covington from the insolvent to the defendant, made within three months of the surrender, on the ground of fraud and simulation.

The only question presented in the case is whether the *onus* was on the plaintiff to prove the alleged fraud or simulation, or on the defendant that the sale was real and *bona fide*.

*William B. Homer*, the only witness in the case, testifies that the vendor and vendee had been living together on the property conveyed in 1854, that is, *Mr. Drumm* constantly and *Mr. Koenig* often during the course of the year, sometimes alone and sometimes with his wife. No change in the possession, it appeared to him, had taken place since the transfer in 1854. Moreover, it appears from the recital in the deed of sale, executed on the 13th of January, 1854, and an extract from the proceedings in the case of *Theobald Koenig* v. *His Creditors*, that the insolvent was a resident of the city of New Orleans.

The deed of sale shows that the price stipulated was the sum of $500, payable, in the defendant's note to the order of the insolvent, two years after date, with eight per cent. per annum interest thereon from said date until paid. The note thus given does not appear to have been included among the property and effects surrendered by the insolvent to his creditors. Neither is it alleged or shown that the price thus stipulated was inadequate to the value of the property conveyed.

On the trial below, on the 5th of June, 1855, the note thus given was, according to its term of payment, evidently still outstanding and negotiable. The fact of its non-payment could not, therefore, have the least effect upon the defendant's right. If it was the property of the insolvent at the time of his surrender, and was fraudulently concealed from his creditors, it was for the latter to resort to the remedy given to them under the statute, or the syndic to take legal steps for its recovery. Revised Statutes, p. 255, § 22 et seq. Duplessis v. Boutté, 11 L. R. 345.

It appears to us clear, from the evidence, that the defendant was not bound to produce proof of his good faith and the reality of the sale, as the property did not remain in the possession of his vendor, hence the Articles 2456 and 1915 of the Civil Code, relied upon by the appellants, must be considered inapplicable. Neither can the presumption of fraud, established under Articles 3323 and 1979 of the Civil Code, be considered applicable, inasmuch as it is neither alleged nor shown that the defendant was a creditor of the insolvent. The presumption established by the Act of 1817, reënacted in 1855, (Revised Statutes, p. 257, § 28,) applies evidently only to cases in which proceedings are instituted against the insolvent, to deprive him of the benefit of the insolvent laws, on the ground of his having given an unjust preference to one or more of his creditors over the others. As we have seen, the defendant does not fall within this category.

Judgment affirmed.

BUCHANAN, J., dissenting. In January, 1854, *Theobald Koenig* sold to his father-in-law, the defendant, a house in Covington, parish of St. Tammany, for the ostensible price of five hundred dollars, in a note of the vendee to the order of the vendor, payable two years after date.

In March, 1854, two months after this sale, *Koenig* sued his creditors, in the Third District Court of New Orleans, for a respite, which being refused him, his proceedings were converted into a surrender, and the plaintiff was appointed syndic. He brought this action in August, 1854, within one year after the sale, to annul the same, as made in fraud of *Koenig's* creditors.

This action is based upon the Articles 1965, 1984 and 1989 of the Civil Code, and upon the 10th section of the Act of 1840, (Bullard & Curry, 474,) reënacted in 1855, page 435, section 21.

By those statutes there is a presumption of fraud, which throws the burden of proof on the defendant to establish the validity and good faith of the sale. He has offered no proof whatever on the subject. The suit was tried in June, 1855, when the note, pretended to have been given for the price by defendant to the insolvent *Koenig*, had but a few months to run. The existence of the note at that time should at least have been established. If it was in existence, and in the hands of a third holder for value, it is more than probable that it would have made its appearance. If it was still in the hands of *Koenig*, it belonged to his creditors, represented by plaintiff.

The circumstance of *Koenig* not having put the note on his bilan, corroborates the legal presumption of fraud and simulation in this contract.

Again, *Koenig* has remained in possession since the sale. He was seen superintending the shingling of the roof a few days before the trial. This also creates a legal presumption of fraud, which throws the burden of proof upon the defendant. C. C. 1915, 2456.

The case of *Duplessis* v. *Boutté*, 11 L. R., has no application adverse to plaintiff in this suit. That was an intervention of a syndic in an action of partition, claiming that the interest of defendant in the property to be divided had passed to his creditors. The syndic prevailed although many years had elapsed.

This suit is also a revendication of property which belonged to creditors, and should have been surrendered. It is not at all a proceeding under the sections of the Act of 1817, reënacted in 1855, which have been cited, and the proceeding by opposition to the discharge of an insolvent debtor under those statutes does not exclude the direct revocatory action given by the Code and the statute of 1840, also reënacted in 1855.

I therefore think the judgment should be reversed.

SPOFFORD, J., concurs in this opinion.